UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


THOMAS MACKEY,

                Petitioner,

-vs-                                                Case No.  8:08-cv-292-T-24EAJ

SECRETARY, DEPT. OF CORRECTIONS,

                Respondent.
_____/

## **ORDER**

This cause is before the Court on Petitioner Thomas Mackey's 28 U.S.C. § 2254 petition for writ of habeas corpus. Mackey challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida. Mackey filed a substantial portion of the state court record with his petition.

PROCEDURAL BACKGROUND

In August 1996, Mackey was charged by information with robbery with a deadly weapon, a first degree felony punishable by life imprisonment under Florida Statutes, § 813.13(1), (2), and (4).  A habitual violent offender notice was filed on September 26, 1996.

On June 27, 1997, Mackey pled nolo contendere to the charge.  On July 23, 1997, Mackey filed a motion to withdraw the plea.  The state trial court denied the motion on July 30, 1997.  Mackey appealed.

On August 20, 1999, the state district court of appeal reversed Mackey's conviction finding that Mackey could withdraw his plea because the trial court had not formally accepted

the plea. *Mackey v. State*, 743 So. 2d 1117 (Fla. 2d DCA 1999). At a January 29-30, 2003 jury trial, Mackey was found guilty as charged. The state trial court sentenced Mackey to life imprisonment. Mackey appealed.

The state district court of appeal affirmed the conviction and sentence. The mandate issued September 10, 2004. Mackey filed a 3.850 motion for post conviction relief which the state trial court denied on January 24, 2007. Mackey appealed. On July 18, 2007, the state district court of appeal affirmed the denial of rule 3.850 relief. The mandate issued August 8, 2007. Meanwhile, Mackey filed a petition for writ of habeas corpus in Florida Supreme Court on December 27, 2007. The record reflects that the state petition for writ of habeas corpus remains pending.

Section 18 of the federal petition form requires a petitioner to explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar his petition. In that section, Mackey wrote:

> This petition is timely. The Petitioner would like to inform this honorable court that a petition for writ of habeas corpus was sent out on December 27, 2007 to the Florida Supreme Court regarding (3) issues that were never raised by petitioner's appellate attorney during petitioner's direct appeal. As of this date, the Florida Supreme Court has not acknowledged (or) responded to petitioner's claims.
>
> Petitioner further filed a motion to correct illegal sentence on January 23, 2008 to the thirteenth Judicial Circuit regarding (2) issues of constitutional nature. Petitioner simply is asking this Honorable Court to accept his 2254 as filed and hold it in abeyance to later leave to amend these issues that have not been exhausted yet, but shall be upon completion of the appeals process. The reason for this request is because petitioner believes he is close to his one year time frame allotted and all of issue raised need to be scrutinized correctly by this Honorable Court.

(Petition, p. 14).

Discussion

According to Mackey's sworn statement, he has a pending state petition for writ of habeas corpus and a pending state motion to correct an illegal sentence. It is well settled that "federal district courts must dismiss 'mixed' habeas corpus petitions-those containing both unexhausted and exhausted claims." *Pliler v. Ford,* 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state court an opportunity to rule on Mackey's challenge to his judgment of conviction and his sentence. Thus, this case will be dismissed without prejudice to allow Mackey the opportunity to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(1)(A).

Accordingly, the Court orders:

That Mackey's petition is dismissed, without prejudice. The Clerk is directed to enter judgment against Mackey and to close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Mackey is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Mackey "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented

were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Mackey has not made the requisite showing in these circumstances.

Finally, because Mackey is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 13, 2008.

SUSAN C. BUCKLEW
United States District Judge

Thomas Mackey